### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNIE WILEY,**<br>**#B82633,** | |
| **Plaintiff,** | **Case No. 20-cv-01140-SPM** |
| **v.** | |
| **LIEUTENANT MIRACLE,**<br>**LIEUTENANT FRANK,**<br>**MS. MASON,**<br>**MS./MRS. MOLLY,**<br>**JANE DOE,**<br>**JOHN DOE,**<br>**MEDICAL PRISON STAFF, and**<br>**MS./MRS. HILL,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Dannie Wiley, an inmate of the Illinois Department of Corrections who is currently incarcerated at Hill Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Wiley claims that while housed at Pontiac Correctional Center he was subjected to excessive force, denied medical care for his injuries, and subjected cruel and unusual punishment when he was stripped naked and forced to remain in his cell without clothes. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v.*

Page 1 of 7

*Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Wiley alleges the following: On October 29, 2018, he was taken from 3 House to segregation by Lieutenant Smith. (Doc. 1, p. 6). Upon arriving at segregation, Lieutenant Miracle squeezed the handcuffs tight on Wiley's wrists, while Lieutenant Smith continued to apply pressure on the handcuffs. Wiley was then escorted to his segregation cell by Lieutenant Miracle and two or three other correctional officers. During the walk, Lieutenant Miracle kept Wiley's hands in a bent position causing excruciating pain to his wrists. After arriving at the cell, Wiley placed his knees on the concrete bunk at the direction of Lieutenant Miracle. Lieutenant Miracle then told Wiley to place his forehead on the bunk. Wiley hesitated, and Lieutenant Miracle slammed Wiley's forehead down on the bunk and placed his knees on the back of Wiley's neck. The other officers grabbed Wiley's legs and flattened them. Lieutenant Miracle tore off Wiley's tee shirt, and the other officers stripped Wiley of his shoes, socks, shorts, and underwear. Wiley was uncuffed and left in the cell for at least three hours without any clothing or bedding. Lieutenant Miracle came back to the cell ten minutes after the incident, and Wiley asked for medical attention because his head was hurting and his wrists were bleeding. Lieutenant Miracle walked away.

## PRELIMINARY DISMISSAL

Wiley lists Ms./Mrs. Hill psych doctor or mental health as a defendant but does not assert any claims against in her in the body of the Complaint. Because merely invoking the name of a potential defendant is not sufficient to state a claim against that individual, Ms./Mrs. Hill is dismissed without prejudice. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Wiley also brings allegations against correctional officers and counselors who are not listed as defendants. (*See* Doc. 1, p. 6, 7, 8). The Court will not treat parties not listed in the caption as

defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

### DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Miracle and Lieutenant Frank for the use of excessive force against Wiley. |
| **Count 2:** | Eighth Amendment claim against Miracle for stripping Wiley of his clothes and leaving him in the cell naked. |
| **Count 3:** | Eighth Amendment claim against Miracle, Lieutenant Frank, John Doe Doctor, Jane Doe Nurse Practitioner, Molly, Mason, and Medical Prison Staff at Pinckneyville for deliberate indifference to Wiley's serious medical needs. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

Wiley's claim against Lieutenant Miracle for the use of excessive force on October 29, 2018, survives preliminary review. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Count 1 will proceed as to Miracle.

Count 1 is dismissed as to Lieutenant Frank. Wiley claims that after Lieutenant Miracle used excessive force against him, Lieutenant Frank and the Internal Affairs Department were notified but failed to investigate and respond to Wiley's claims of mistreatment by correctional

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

officers in a timely manner. (Doc. 1, p. 7). This is not a constitutional claim. "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis for the grievance." *Owens v. Evans,* 878 F. 3d 559, 563 (7th Cir. 2017). Wiley does not allege that Lieutenant Frank was involved in the use of excessive force, and there is no due process right to an investigation. *See Geiger v. Jowers,* 404 F. 3d 371, 374 ( 5th Cir. 2005).Thus, Count 1 is dismissed as to Frank.

### Count 2

"The Eighth Amendment prohibition on cruel and unusual punishment bars prison authorities from unnecessarily and wantonly inflicting pain on inmates." *Rivera v. Drake*, 497 F. App'x 635, 637 (7th Cir. 2012). Strip searches are unconstitutional if conducted "maliciously motivated, unrelated to institutional security, and hence totally without penological justification." *Chatman v. Gossett,* 766 F. App'x 362, 364 (7th Cir. 2019) (quoting *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)). Additionally, "clothing is a basic necessity of human existence which cannot be deprived in the same manner as a privilege an inmate may enjoy." *Maxell v. Mason,* 668 F. 2d 361, 365 (7th Cir. 1981). *See also Gillis v. Litscher,* 468 F. 3d 488, 493 (7 Cir. 2006) (a lack of clothing "can violate the Eighth Amendment"); *Johnson v. Sancez,* No. 18-C-1122, 2020 WL 7714662, at *8 (E.D. Wisc. Dec. 29, 2020 (recognizing that the Eighth Amendment protects human dignity and "[f]orced nudity can degrade and humiliate a prisoner").

Wiley's claim that Lieutenant Miracle stripped him naked and left him in a cold cell without clothes or bedding for at least three hours is sufficient to state an Eighth Amendment claim. Count 2 will proceed against Miracle.

### Count 3

Count 3 will proceed against Lieutenant Miracle for refusing to obtain medical care for Wiley after he sustained injuries caused by the use of excessive force. *See Walker v. Sheahan,* 526

F. 3d 973, 980 (7th Cir. 2008) (citing *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996)).

Count 3 is dismissed, however, as to Lieutenant Frank, Mason, Molly, Jane Doe Practitioner, John Doe Doctor, and Medical Prison Staff. To plead an Eighth Amendment claim for deliberate indifference a plaintiff must allege that the defendant was aware of the serious condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here, Wiley only states that Defendants "showed deliberate indifference to my serious medical needs, and the denial of medical care." (Doc. 1, p. 7). He does not describe Defendants' conduct, knowledge, or their involvement in his medical care or lack thereof. The Court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F. 3d 581 (7 Cir. 2009). Furthermore, these allegations cannot be said to adequately put each Defendant on notice of the claims against him or her. FED. R. CIV. P. 8. Accordingly, Count 3 is dismissed as to Frank, Mason, Molly, Jane Doe, John Doe, and Medical Prison Staff.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Miracle but is **DISMISSED without prejudice** as to Frank. **COUNT 2** will proceed against Miracle. **COUNT 3** will proceed against Miracle but is **DISMISSED without prejudice** against Frank, John Doe Doctor, Jane Doe Nurse Practitioner, Molly, Mason, and Medical Prison Staff. Because there are no surviving claims against Frank, Mason, Molly, Jane Doe, John Doe, Medical Prison Staff, and Hill, they are **DISMISSED without**

**prejudice**, and the Clerk of Court is **DIRECTED** to **TERMINATE** them as Defendants.

Because Wiley's claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Miracle the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Wiley, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Wiley and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Wiley is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 23, 2021**

                                             _s/Stephen McGlynn_
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.