IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANNIE WILEY, #B82633,

    Plaintiff,

v.

SETH MERACLE,
MAC-SHANE FRANK,
JOHNNIE SMITH,
UNKNOWN NURSE PRACTITIONER,
and UNKNOWN DOCTOR,

    Defendants.

Case No. 3:20-cv-1140-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This matter is before the Court on Plaintiff Dannie Wiley's Motion to Dismiss his earlier-filed motion to voluntarily dismiss this case without prejudice (Doc. 79).[1] Notably, the motion for voluntary dismissal (Doc. 66) that Plaintiff seeks to withdraw is no longer pending – it was granted on July 7, 2023, when this case was dismissed without prejudice and closed (Docs. 71, 72). Defendants responded to the instant motion at Doc. 80.

    Plaintiff filed this action on October 29, 2020 (Doc. 1). The Court's Initial Scheduling Order gave Plaintiff until May 31, 2022 to file a motion seeking to amend his complaint; that deadline was extended to June 30, 2022 at Plaintiff's request (Docs. 18, 26). Plaintiff was permitted to proceed on his timely filed First Amended Complaint (Docs. 37, 39). Discovery was ongoing, and the Court set new deadlines for the production of information to identify unknown parties included in the First Amended Complaint and for Plaintiff to substitute their actual names (Docs.

---

[1] The instant motion was dated July 10, 2023; it was docketed by the Court on July 19, 2023 (Doc. 79).

1

44, 46, 48, 55, 60). Plaintiff's final deadline to substitute the actual names of the unknown defendants or move for additional steps to identify them was June 5, 2023.

Instead of filing a motion to substitute by that deadline, Plaintiff filed his Motion to Voluntarily Dismiss, which he mailed on June 2, 2023, and which was filed of record on June 8, 2023 (Doc. 66). The Court ordered Defendants to respond to the motion to dismiss by July 6, 2023, the deadline that had been previously set for the filing of dispositive motions (Doc. 67). Defendants did not object to the voluntary dismissal (Doc. 70) and the Court granted Plaintiff's motion (Doc. 71).

Plaintiff then filed a motion to compel discovery (Doc. 73) and a motion to substitute defendants (Doc. 75). He filed these motions approximately one month after he filed his motion to voluntarily dismiss his case. Notably, the motion to substitute stated that Plaintiff had learned the identity of the unknown defendant on or about May 30, 2023 (Doc. 75). However, Plaintiff never sought an extension of the expired June 5, 2023 deadline to substitute and did not explain why he delayed filing the motion for substitution. These motions were denied as moot because the case was already closed pursuant to Plaintiff's voluntary dismissal motion (Docs. 74, 76).

Because this case is closed and judgment has been entered, the Court will consider Plaintiff's motion to "dismiss" his earlier motion under Federal Rule of Civil Procedure 59(e), which governs challenges to a judgment. The motion was filed within 28 days of the entry of judgment, as required by Rule 59(e). *See* FED. R. CIV. P. 6(b)(2); 59(e). Rule 59(e) permits a court to amend an order or judgment if the movant demonstrates a manifest error of law or fact made by the court or presents newly discovered evidence that was not previously available. *See, e.g.*, *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). A motion under Rule 59(e) cannot be used to present evidence that could have been presented before the challenged order or

judgment was entered. *Id.* at 512.

Plaintiff's motion does not meet the above standards for altering or amending the judgment. Plaintiff states that he misunderstood the law regarding an issue in his case and could correct the matter "simply by amending his complaint." (Doc. 79). However, the motion does not explain how the complaint might be amended to correct the misunderstanding that apparently prompted Plaintiff to voluntarily dismiss the action, and does not present any grounds for allowing an amendment more than a year after his deadline to amend expired.

The Court did not err by granting Plaintiff's request to voluntarily dismiss his case. A mistake of law or fact on Plaintiff's part does not suffice to alter or amend a judgment under Rule 59(e). Accordingly, Plaintiff's motion will be denied.

As Defendants note (Doc. 80), Plaintiff may refile his claims in a new case because the voluntary dismissal was without prejudice. For § 1983 cases, federal courts follow the time limitations set forth in Illinois state law, which provides that "a plaintiff who voluntarily dismisses a suit 'may commence a new action within one year or within the remaining period of limitation, whichever is greater.'" *Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010) (quoting 735 ILCS 5/13-217).

Plaintiff's Motion to Dismiss (Doc. 79), construed as a motion to alter or amend judgment pursuant to Rule 59(e), is **DENIED**. This case remains closed.

**IT IS SO ORDERED.**

**DATED:  July 26, 2023**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **United States District Judge**